UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DELESIA H., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:20-cv-03277-TAB-JRS |
| | ) |
| KILOLO KIJAKAZI[1], Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S
BRIEF IN SUPPORT OF APPEAL**

**I.     Introduction**

Plaintiff Delesia H. appeals the Social Security Administration's denial of her application for disability insurance benefits.  Plaintiff argues that the Administrative Law Judge erroneously concluded that Plaintiff could perform her past relevant work as an assembler of plastic hospital products as actually performed.  Specifically, Plaintiff contends that the ALJ failed to account for her earlier testimony that the most she lifted in her assembler position was 15 pounds, and by failing to develop the record regarding her total standing and walking in that position.  While Plaintiff initially testified the most she lifted in her past work was 15 pounds, she stated at a June 2020 supplemental hearing she did not lift more than five pounds on a regular basis.  The ALJ did not err in relying on Plaintiff's later statement to conclude that she could perform her past relevant work.  In addition, the vocational expert's testimony that Plaintiff actually performed the

---

[1] According to Federal Rule of Civil Procedure 25(d), after the removal of Andrew M. Saul from his office as Commissioner of the SSA on July 9, 2021, Kilolo Kijakazi automatically became the Defendant in this case when she was named as the Acting Commissioner of the SSA.

work as sedentary went unchallenged.  Accordingly, Plaintiff's request for remand [Filing No. 16] is denied.

## II.   Background

On April 4, 2018, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging her disability began on November 20, 2017.  The SSA denied Plaintiff's claims initially and upon reconsideration.  On December 11, 2019, Plaintiff attended a hearing before ALJ Belinda Brown in Indianapolis, represented by a non-attorney representative.  At that December 2019 administrative hearing, the following exchange between ALJ Brown and Plaintiff occurred:

> A. We picked and put little kits together, medical kits where they sent cross country.
> Q. And was this a job where you spent most of your time sitting or standing?
> A. Sitting and standing.
> Q. And what was the heaviest thing you would have lifted there in pounds?
> A. The heaviest thing I would lift there was 15 pounds at the most.

[Filing No. 14-2, at ECF p. 84.]

Plaintiff's representative requested that the record be left open for 14 days so Plaintiff could submit MRI results.  In addition, the ALJ who entered the decision at issue in this case, Fredric Roberson, issued written medical interrogatories to Lee A. Fischer, M.D., an impartial medical expert.  Dr. Fischer's responses were proffered to the claimant, and her representative requested a supplemental hearing to cross-examine Dr. Fischer.  Thus, on June 4, 2020, ALJ Roberson held a hearing[2], during which the following exchange occurred between the ALJ and Plaintiff:

---

[2] Due to the circumstances presented by the Covid-19 pandemic, all participants attended the hearing by telephone.

> Q. Okay. All right. Now you worked for Goodwill. Now at Goodwill, was that part-time or full-time? In 2016 –
> A. That was full-time.
> Q. Okay. 2016 to 2017. What did you do? What was your position?
> A. Well, we made medical kit[s] that we shipped across country. It was a sitting-down job, but I liked to stand up because, you know, my feet go to hurting – my knees – just after sitting so many hours you just stand up and relax. But we'd send out medical kits across the country. We'd put little medical kits together.
> Q. Okay. So you assembled the kit? Put it all – everything that goes into the kit?
> A. Yes. Yes, sir.
> Q. Okay. All right. And so now this was a job where you were primarily seated most of the time? Or were you? –
> A. Yes.
> Q. – were sitting down?
> A. Primarily seated.
> Q. All right. . . . How much were you going to lift on a regular basis at Goodwill?
> A. That little box weighed about a half a pound or something. Maybe ounces.
> Q. Okay. Okay.
> A. The little things we put in there, they didn't weigh nothing.
> Q. Okay, so no more than five pounds?
> A. No more than five pounds.

[Filing No. 14-2, at ECF p. 42-43.] The ALJ then asked the vocational expert how he would classify Plaintiff's past relevant work at Goodwill. The VE stated that the Department of Labor would label this job as an assembler of plastic hospital products and place it in the light category, but as Plaintiff performed it, the VE classified it at the sedentary level. [Filing No. 14-2, at ECF p. 66-67.] Following the hearing, the ALJ determined that Plaintiff was not disabled.

In reaching this conclusion, the ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of November 20, 2017. Next, at step two, the ALJ listed Plaintiff's severe impairments: asthma, hypertension, substance abuse, right shoulder impingement and osteoarthritis, right knee internal derangement with arthroscopic surgery, and left knee degenerative disease and internal derangement. [Filing No. 14-2, at ECF

3

p. 18.] At step three, the ALJ concluded that Plaintiff did not meet or equal the severity of one of the listed impairments. Before reaching step four, the ALJ determined Plaintiff's residual functional capacity, or her remaining ability to work despite her limitations. The ALJ concluded that Plaintiff had the RFC to perform sedentary work, with the following additional limitations:

> [Plaintiff] can occasionally lift, carry, push, or pull ten pounds. She can stand and/or walk two hours in an eight-hour workday and can sit for six hours in an eight-hour workday. She can occasionally reach overhead with the dominant right extremity and frequently reach in all other directions with the dominant right extremity. She can occasionally operate foot controls bilaterally. She can occasionally climb stairs and ramps; never climb ladders, ropes, or scaffolds; occasionally balance and stoop; and never kneel, crouch, or crawl. She can tolerate occasional exposure to . . . dusts, odors, fumes, gases, extreme cold, extreme heat, and other respiratory irritants. She can frequently tolerate vibration. She must avoid all exposure to dangerous machinery, including the operation of motor vehicles and unprotected heights.

[Filing No. 14-2, at ECF p. 20-21.]

At step four, the ALJ concluded that Plaintiff was capable of performing past relevant work as an assembler of plastic hospital products as actually performed in her position at Goodwill. The ALJ found that this work did not require the performance of work-related activities precluded by Plaintiff's RFC. [Filing No. 14-2, at ECF p. 25.] After explaining the Plaintiff's position at Goodwill qualified as past relevant work, the ALJ stated:

> In comparing the claimant's residual functional capacity with the physical and mental demands of the work, I find the claimant is able to perform it as actually performed. [The VE] testified that while the assembler of plastic hospital products job is generally performed at the light exertional level, the claimant actually performed this past relevant work at the sedentary exertional level. [The VE] confirmed this job as actually performed by the claimant does not require the performance of work-related activities precluded by the residual functional capacity limitations reported above.

[Filing No. 14-2, at ECF p. 26.] Accordingly, the ALJ concluded that Plaintiff was not disabled.

4

### III. Discussion

Plaintiff argues that the ALJ's analysis at step four was flawed because he failed to evaluate Plaintiff's December 2019 testimony indicating the most she lifted in her past work at Goodwill was 15 pounds, and because he failed to develop an adequate record regarding the total standing and walking that work involved. [Filing No. 16.] The Court reviews the ALJ's decision to determine whether the ALJ's factual findings are supported by substantial evidence. *Biestek v. Berryhill*, __ U.S. __, __, 139 S. Ct. 1148, 1153 (2019). "The court is not to reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the Commissioner. Where substantial evidence supports the ALJ's disability determination, we must affirm the decision even if reasonable minds could differ concerning whether the claimant is disabled." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (internal citations, quotation marks, and brackets omitted).

As noted above, Plaintiff's arguments relate entirely to the ALJ's step four analysis and conclusion that she could return to her past relevant work at Goodwill as an assembler of plastic hospital products, as actually performed. "To determine if a claimant is capable of performing his or her past relevant work, an ALJ must compare the demands of the claimant's past occupation with his or her present capacity." *Steward v. Bowen*, 858 F.2d 1295, 1299-1300 (7th Cir. 1988). The ALJ found Plaintiff's work as an assembler of plastic hospital products to be past relevant work because she performed it from February 2016 to December 2016, which is within 15 years of the date of adjudication. [Filing No. 14-2, at ECF p. 26.] In addition, the ALJ stated that the VE testified at the supplemental hearing that while the assembler of plastic hospital products job is generally performed at the light exertional level, the VE believed Plaintiff actually performed it at the sedentary exertional level. The ALJ noted that the VE

"confirmed this job as actually performed by the claimant does not require the performance of work-related activities precluded by the residual functional capacity limitations reported above." [Filing No. 14-2, at ECF p. 26.]

The burden is on Plaintiff for steps one through four of the SSA sequential evaluation process; after that, it moves to the Commissioner. *See, e.g., Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021) ("The sole issue in this case concerns the application of Step 5 of the disability benefits analysis, and at that stage of the analysis, the burden shifts to the Commissioner to prove that the claimant can perform other work in the economy."). A claimant is not disabled at step four if she can perform her past relevant work either (1) as she actually performed it, or (2) as generally performed in the national economy. *See* 20 C.F.R. § 404.1560(b). The ALJ presented the VE with a hypothetical question that reflected Plaintiff's RFC and accounted for the limitations she found supported by the evidence. The VE concluded that Plaintiff could perform her past relevant work as actually performed even under those limitations.

While Plaintiff now challenges the VE's testimony from the June 2020 hearing, she was represented at both hearings by an experienced non-attorney representative, who stipulated to the VE's qualifications, had the opportunity to question to the VE, and did not challenge the VE's testimony. Plaintiff vaguely claims that "[t]he Social Security Administration itself does not require a claimant or representative to dispute at hearing a vocational expert's testimony as a condition precedent to preserving for judicial review disagreement with that testimony." [Filing No. 19, at ECF p. 11.] Plaintiff provides no citation to case law to support this statement, and instead makes an additional ambiguous claim that an experienced representative knows that there is no requirement that a statement must be challenged at the hearing as a condition precedent to later disputing that testimony. [Filing No. 19, at ECF p. 11.]

On the other hand, the Commissioner cited to case law stating the opposite: that without a challenge or objection to the VE's testimony at the hearing, Plaintiff forfeited her argument now raised for the first time on appeal. *See, e.g., Donahue v. Barnhart*, 279 F.3d 441, 447 (7th Cir. 2002) ("Raising a discrepancy only after the hearing . . . is too late. An ALJ is not obliged to reopen the record. On the record as it stands—that is, with no questions asked that reveal any shortcomings in the vocational expert's data or reasoning—the ALJ was entitled to reach the conclusion she did."); *Brown v. Colvin*, 845 F.3d 247, 254 (7th Cir. 2016) ("Brown also forfeited her argument regarding the vocational expert's testimony. . . by failing to object during the hearing.").[3]

However, Plaintiff's failure to challenge the VE's testimony at the June 2020 hearing is not the end of the analysis. Complicating the present case is the fact that Plaintiff was asked two different questions at the hearings (by two different ALJs), and the ALJ's decision reflected only consideration of the response provided in June 2020. While Plaintiff stated in December 2019 the most she ever listed in her position at Goodwill was 15 pounds, she indicated in June 2020 that she regularly did not lift more than five pounds. Yet Plaintiff did not provide inconsistent testimony at the hearings. Rather, she simply responded to two different questions: the most she ever lifted, and the amount she lifted regularly.

The ALJ found that Plaintiff had the RFC to do sedentary work and not lift more than 10 pounds on a regular basis. The relevant consideration for determining a claimant's RFC is "the individual's maximum remaining ability to do sustained work activities in an ordinary work

---

[3] *Donahue* has not been explicitly overruled. However, "subsequent cases show a trend toward a different standard that puts more responsibility on the ALJ to ensure that the ALJ relies upon correct evidence from the VE." *Cullen v. Colvin*, No. 4:14-cv-59-WGH-RLY, 2015 WL 8180642, at *3 (S.D. Ind. Dec. 7, 2015). Nevertheless, the issue in this case is not whether the VE relied on incorrect evidence.

7

setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1-2.  Thus, it was reasonable for the ALJ to ask Plaintiff in June 2020 how much she lifted at Goodwill on a regular basis, to rely on Plaintiff's response when questioning the VE, and to find that Plaintiff could perform her past relevant work.  Plaintiff has not established otherwise.

Plaintiff also argues that the ALJ erroneously concluded she could perform her past relevant work as an assembler of plastic hospital products by failing to develop an adequate record regarding the standing and/or walking demands of that position.  [Filing No. 16, at ECF p. 11-12.]  As part of his RFC assessment, the ALJ limited Plaintiff to standing and/or walking two hours in an eight-hour day.  [Filing No. 14-2, at ECF p. 20-21.]  Plaintiff argues that substantial evidence does not support the ALJ's finding that her past relevant work as an assembler of plastic hospital products as actually performed did not involve standing and/or walking more than two hours per workday.  Specifically, Plaintiff contends that the ALJ did not develop an adequate record of the standing or walking demands of that past relevant job.

Plaintiff notes that the ALJ at the December 2019 hearing did not obtain any evidence that Plaintiff did not stand and/or walk more than two hours per workday.  At the June 2020 hearing, Plaintiff testified that she was "[p]rimarily seated" when assembling medical kits.  Plaintiff claims that the ALJ should have asked Plaintiff to be more specific as to the time spent on her feet as opposed to sitting.  [Filing No. 16, at ECF p. 13.]  However, as the Commissioner argues, Plaintiff "attempts to flip her burden at Step Four on its head; it was for Plaintiff to show that she could not perform the standing/walking requirements of her past relevant work as she performed it."  [Filing No. 17, at ECF p. 10.]

Moreover, the VE testified that Plaintiff's past relevant work was sedentary as Plaintiff performed it.  The VE's testimony went unchallenged.  Plaintiff's representative even indicated

8

that Plaintiff performed the position at the sedentary level when asking the VE additional questions at the June 2020 hearing. [Filing No. 14-2, at ECF p. 72-73.] As noted in 20 C.F.R. § 404.1567(a), "[a]lthough a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." Plaintiff does not raise any argument that the ALJ's RFC assessment was flawed; rather, her argument relates solely to the analysis at step four with past relevant work. The ALJ reasonably relied on the VE's testimony to conclude that Plaintiff could return to her past relevant work as an assembler of plastic products. Thus, the ALJ supported his step four finding with substantial evidence.

### IV. Conclusion

For these reasons, Plaintiff's request for remand [Filing No. 16] is denied.

Date: 3/3/2022

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email